1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
   JOSEPH M. PRICE (SBN: 88201)
10 ERIN VERNERIS (SBN: 9335174)
   FAEGRE & BENSON LLP
11 2200 Wells Fargo Center
   90 South Seventh Street
12 Minneapolis, MN 55402-3901
   Telephone: (612)766-7380
13 Facsimile: (612)766-1600
   jprice@faegre.com
14
   Attorneys for Defendants
15 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                       SAN FRANCISCO DIVISION
19

20 IN RE BEXTRA AND CELEBREX                  ) MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND             )
21 PRODUCTS LIABILITY LITIGATION              ) CASE NO. 3:08-cv--02854-CRB
                                              )
22 *This document relates to*                 )
                                              ) **PFIZER INC., PHARMACIA**
23 THOMAS LAUER,                              ) **CORPORATION, AND G.D.**
                                              ) **SEARLE LLC'S ANSWER TO**
24            Plaintiff,                       ) **COMPLAINT**
                                              )
25       vs.                                   ) **JURY DEMAND ENDORSED**
                                              ) **HEREIN**
26 PFIZER, INC., PHARMACIA CORPORATION,        )
   G.D. SEARLE LLC and MONSANTO               )
27 COMPANY,                                   )
                                              )
28            Defendants.                      )

<div style="writing-mode: vertical">Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111</div>

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a Monsanto Company ) ("Pharmacia") and

3    G.D. Searle LLC ("Searle") (collectively "Defendants") and file this Answer to Plaintiff's

4    Complaint ("Complaint"), and would respectfully show the Court as follows:

5    I.

6    **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or

8    used Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted

9    generally.  Defendants may seek leave to amend this Answer when discovery reveals the specific

10   time periods in which Plaintiff was prescribed and used Bextra®.

11   II.

12   **ORIGINAL ANSWER**

13   **Response to Allegations Regarding Parties**

14   1.    Defendants are without knowledge or information sufficient to form a belief as to

15   the truth of the allegations regarding Plaintiff's citizenship, and, therefore, deny the same.

16   Defendants deny the remaining allegations in this paragraph of the Complaint.

17   2.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

18   business in New York, and that it is registered to do business in the State of Minnesota.

19   Defendants admit that Pfizer may be served through its registered agent.  Defendants admit that

20   Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and

21   Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time,

22   Pfizer marketed and co-promoted Bextra® in the United States, including Minnesota, to be

23   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

24   with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

25   "predecessors in interest" are vague and ambiguous.  Defendants are therefore without

26   knowledge or information sufficient to form a belief as to the truth of such allegations, and,

27   therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

28   Complaint.

3.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois, and that it is registered to do business in the State of Minnesota.  Defendants admit that Searle may be served through its registered agent. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®.  The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed

2    Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter.

3    Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state

4    that the response to this paragraph of the Complaint regarding Monsanto is incorporated by

5    reference into Defendants' responses to each and every paragraph of the Complaint referring to

6    Monsanto and/or Defendants.

7            6.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia

8    marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

9    who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

10   Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

11   for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

12   United States to be prescribed by healthcare providers who are by law authorized to prescribe

13   drugs in accordance with their approval by the FDA. Defendants admit that Pharmacia acquired

14   Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became

15   subsidiaries of Pfizer. Defendants deny the remaining allegations in this paragraph of the

16   Complaint.

17           7.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia

18   marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

19   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

20   Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

21   for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

22   United States to be prescribed by healthcare providers who are by law authorized to prescribe

23   drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is

24   safe and effective when used in accordance with its FDA-approved prescribing information.

25   Defendants state that the potential effects of Bextra® were and are adequately described in its

26   FDA-approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

8.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

9.    Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants deny the remaining allegations in this paragraph of the Complaint.

10.    Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants are without knowledge sufficient to form a belief as to the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims the amount in controversy satisfies the jurisdictional amount of this Court. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Bextra® caused Plaintiff injury or damages and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding aspirin, naproxen and ibuprofen.  Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.    The allegations in this paragraph of the Complaint are not directed toward

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PFIZER. PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-02854-CRB

Defendants, and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

18.     The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

21.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

22.     Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are therefore without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.     Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2   FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

3   Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed

4   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

5   approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was

6   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

7   distributed Celebrex® in the United States to be prescribed by healthcare providers who are by

8   law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations

9   in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward

10  Defendants, and, therefore, no response is required.  To the extent a response is deemed required,

11  Defendants state that Plaintiff fails to provide the proper context for the allegations in this

12  paragraph of the Complaint regarding Merck and Vioxx®.  Defendants therefore lack knowledge

13  or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

14  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15          24.     Defendants admit that the New Drug Application for Bextra® was filed with the

16  FDA on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

17  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

18  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants

19  state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

20  Defendants are therefore without knowledge or information to form a belief as to the truth of

21  such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

22  this paragraph of the Complaint.

23          25.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

24  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

25  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

26  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

27  allegations in this paragraph of the Complaint.

28          26.     Defendants admit, as indicated in the package insert approved by the FDA, that

-8-

1   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

2   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the

3   remaining allegations in this paragraph of the Complaint.

4          27.      Defendants admit, as indicated in the package insert approved by the FDA, that

5   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

6   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that

7   Bextra® was and is safe and effective when used in accordance with its FDA-approved

8   prescribing information.  Defendants state that the potential effects of Bextra® were and are

9   adequately described in its FDA-approved prescribing information, which at all times was

10  adequate and comported with applicable standards of care and law.  Defendants deny the

11  remaining allegations in this paragraph of the Complaint.

12         28.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia

13  marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

14  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

15  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

16  for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

17  United States to be prescribed by healthcare providers who are by law authorized to prescribe

18  drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's allegations

19  regarding "predecessors in interest" are vague and ambiguous.  Defendants are therefore without

20  knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny

21  the same.  Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information, which

24  at all times was adequate and comported with applicable standards of care and law.  Defendants

25  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

26  Complaint.

27         29.      Defendants state that the referenced article speaks for itself and respectfully refer

28  the Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

3    this paragraph of the Complaint.

4        30.    The allegations in this paragraph of the Complaint are not directed towards

5    Defendants, and, therefore, no response is necessary.  Should a response be deemed necessary,

6    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the

7    article for its actual language and text.  Any attempt to characterize the article is denied.

8    Defendants deny the remaining allegations in this paragraph of the Complaint.

9        31.    Defendants admit that the New Drug Application for Bextra® was filed with the

10    FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on

11    November 16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in

12    this paragraph of the Complaint.

13        32.    Defendants state that Bextra® was and is safe and effective when used in

14    accordance with its FDA-approved prescribing information.  Defendants state that the potential

15    effects of Bextra® were and are adequately described in its FDA-approved prescribing

16    information, which at all times was adequate and comported with applicable standards of care

17    and law.  Defendants deny the allegations in this paragraph of the Complaint.

18        33.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself

19    and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

20    characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

21    paragraph of the Complaint.

22        34.    Defendants state that the referenced article speaks for itself and respectfully refer

23    the Court to the article for its actual language and text.  Any attempt to characterize the article is

24    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25        35.    Plaintiff fails to provide the proper context for the allegations concerning the

26    "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are

27    without sufficient information to confirm or deny such allegations, and, therefore, deny the same.

28    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  study for its actual language and text.  Any attempt to characterize the study is denied.

2  Defendants deny the remaining allegations in this paragraph of the Complaint.

3      36.    The allegations in this paragraph of the Complaint are not directed towards

4  Defendants, and, therefore, no response is necessary.  Should a response be deemed necessary,

5  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the

6  article for its actual language and text.  Any attempt to characterize the article is denied.

7  Defendants deny the remaining allegations in this paragraph of the Complaint.

8      37.    The allegations in this paragraph of the Complaint are not directed towards

9  Defendants, and, therefore, no response is necessary.  Should a response be deemed necessary,

10  Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety

11  and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants

12  state that the referenced testimony speaks for itself and respectfully refer the Court to the

13  testimony for its actual language and text.  Any attempt to characterize the testimony is denied.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15      38.    Defendants state that Bextra® was and is safe and effective when used in

16  accordance with its FDA-approved prescribing information.  Defendants state that the potential

17  effects of Bextra® were and are adequately described in its FDA-approved prescribing

18  information, which at all times was adequate and comported with applicable standards of care

19  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

20  paragraph of the Complaint.

21      39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for

22  itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual

23  language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25      40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for

26  itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual

27  language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

41.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.    The allegations in this paragraph of the Complaint are not directed towards Defendants, and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the allegations in this paragraph of the Complaint.

45.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

1  paragraph of the Complaint.

2       47.    Defendants deny the allegations in this paragraph of the Complaint.

3       48.    Defendants are without knowledge or information sufficient to form a belief as to

4  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5  Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time,

6  Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

7  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

8  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

9  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

10  distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

11  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

12  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

13  prescribing information.  Defendants state that the potential effects of Bextra® were and are

14  adequately described in its FDA-approved prescribing information, which was at all times

15  adequate and comported with applicable standards of care and law.  Defendants deny any

16  wrongful conduct and deny the allegations in this paragraph of the Complaint.

17       49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia

18  marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

19  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

20  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

21  for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

22  United States to be prescribed by healthcare providers who are by law authorized to prescribe

23  drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is

24  safe and effective when used in accordance with its FDA-approved prescribing information.

25  Defendants state that the potential effects of Bextra® were and are adequately described in its

26  FDA-approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.  Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia

2    marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

3    who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

4    Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

5    for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

6    United States to be prescribed by healthcare providers who are by law authorized to prescribe

7    drugs in accordance with their approval by the FDA.  Defendants admit, as indicated in the

8    package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs

9    and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

10   primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used

11   in accordance with its FDA-approved prescribing information.  Defendants state that the

12   potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

13   information, which was at all times adequate and comported with applicable standards of care

14   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15   paragraph of the Complaint.

16   51.    Defendants state that Bextra® was and is safe and effective when used in

17   accordance with its FDA-approved prescribing information.  Defendants state that the potential

18   effects of Bextra® were and are adequately described in its FDA-approved prescribing

19   information, which at all times was adequate and comported with applicable standards of care

20   and law.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

21   vague and ambiguous.  Defendants are therefore without knowledge or information to form a

22   belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any

23   wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of

24   the Complaint.

25   52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia

26   marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

27   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

28   Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-

1   for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

2   United States to be prescribed by healthcare providers who are by law authorized to prescribe

3   drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is

4   safe and effective when used in accordance with its FDA-approved prescribing information.

5   Defendants state that the potential effects of Bextra® were and are adequately described in its

6   FDA-approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny the remaining allegations in this

8   paragraph of the Complaint.

9       53.    Defendants state that Bextra® was and is safe and effective when used in

10  accordance with its FDA-approved prescribing information.  Defendants state that the potential

11  effects of Bextra® were and are adequately described in its FDA-approved prescribing

12  information, which at all times was adequate and comported with applicable standards of care

13  and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14      54.    Defendants state that Bextra® was and is safe and effective when used in

15  accordance with its FDA-approved prescribing information.  Defendants state that the potential

16  effects of Bextra® were and are adequately described in its FDA-approved prescribing

17  information, which was at all times adequate and comported with applicable standards of care

18  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

19  paragraph of the Complaint.

20      55.    Defendants state that Bextra® was and is safe and effective when used in

21  accordance with its FDA-approved prescribing information.  Defendants state that the potential

22  effects of Bextra® were and are adequately described in its FDA-approved prescribing

23  information, which was at all times adequate and comported with applicable standards of care

24  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25  paragraph of the Complaint.

26      56.    Defendants deny the allegations in this paragraph of the Complaint.

27      57.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S.

28  market as of April 7, 2005.  Defendants state that Bextra® was and is safe and effective when

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-15-

1   used in accordance with its FDA-approved prescribing information.  Defendants deny any

2   wrongful conduct and deny the remaining allegations contained in this paragraph of the

3   Complaint.

4        58.    Defendants state that Bextra® was and is safe and effective when used in

5   accordance with its FDA-approved prescribing information.  Defendants state that the potential

6   effects of Bextra® were and are adequately described in its FDA-approved prescribing

7   information, which was at all times adequate and comported with applicable standards of care

8   and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the

9   remaining allegations in this paragraph of the Complaint.

10        59.    Defendants state that Bextra® was and is safe and effective when used in

11  accordance with its FDA-approved prescribing information.  Defendants state that the potential

12  effects of Bextra® were and are adequately described in its FDA-approved prescribing

13  information, which was at all times adequate and comported with applicable standards of care

14  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15  paragraph of the Complaint.

16        60.    Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint.

18        61.    Defendants are without knowledge or information sufficient to form a belief as to

19  the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff

20  used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

21  effective when used in accordance with its FDA-approved prescribing information.  Defendants

22  state that the potential effects of Bextra® were and are adequately described in its FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25  remaining allegations in this paragraph of the Complaint.

26        62.    Defendants are without knowledge or information sufficient to form a belief as to

27  the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff

28  used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   effective when used in accordance with its FDA-approved prescribing information. Defendants

2   state that the potential effects of Bextra® were and are adequately described in its FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

5   remaining allegations in this paragraph of the Complaint.

6          63.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia

7   marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers

8   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

9   Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

10  for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

11  United States to be prescribed by healthcare providers who are by law authorized to prescribe

12  drugs in accordance with their approval by the FDA. Defendants admit, as indicated in the

13  package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs

14  and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

15  primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining

16  allegations in this paragraph of the Complaint.

17         64.    Defendants are without knowledge or information sufficient to form a belief as to

18  the truth of the allegations in this paragraph of the Complaint regarding and whether Plaintiff

19  used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information. Defendants

21  state that the potential effects of Bextra® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra®

24  is unreasonably dangerous, and deny the remaining allegations in this paragraph of the

25  Complaint.

26         65.    Defendants state that Bextra® was and is safe and effective when used in

27  accordance with its FDA-approved prescribing information. Defendants state that the potential

28  effects of Bextra® were and are adequately described in its FDA-approved prescribing

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    information, which was at all times adequate and comported with applicable standards of care

2    and law.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are

3    vague and ambiguous.  Defendants are therefore without knowledge or information to form a

4    belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any

5    wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or

6    damages, and deny the remaining allegations in this paragraph of the Complaint.

7    **Response to First Cause of Action: Negligence**

8    66.    Defendants incorporate by reference their responses to each paragraph of

9    Plaintiff's Complaint as if fully set forth herein.

10    67.    Defendants state that this paragraph of the Complaint contains legal contentions

11    to which no response is deemed required.  To the extent a response is deemed required,

12    Defendants admit that they had duties as are imposed by law but deny having breached such

13    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

14    with its FDA-approved prescribing information.  Defendants state that the potential effects of

15    Bextra® were and are adequately described in its FDA-approved prescribing information, which

16    was at all times adequate and comported with applicable standards of care and law.  Defendants

17    deny the remaining allegations in this paragraph of the Complaint.

18    68.    Defendants state that this paragraph of the Complaint contains legal contentions

19    to which no response is deemed required.  To the extent a response is deemed required,

20    Defendants admit that they had duties as are imposed by law but deny having breached such

21    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendants state that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information, which

24    was at all times adequate and comported with applicable standards of care and law.  Defendants

25    deny the remaining allegations in this paragraph of the Complaint.

26    69.    Defendants state that Bextra® was and is safe and effective when used in

27    accordance with its FDA-approved prescribing information.  Defendants state that the potential

28    effects of Bextra® were and are adequately described in its FDA-approved prescribing

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  information, which was at all times adequate and comported with applicable standards of care

2  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3  paragraph of the Complaint, including all subparts.

4        70.      Defendants are without knowledge or information sufficient to form a belief as to

5  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

7  effective when used in accordance with its FDA-approved prescribing information.  Defendants

8  state that the potential effects of Bextra® were and are adequately described in its FDA-

9  approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra®

11  is unreasonably dangerous, and deny the remaining allegations in this paragraph of the

12  Complaint.

13        71.      Defendants state that Bextra® was and is safe and effective when used in

14  accordance with its FDA-approved prescribing information.  Defendants state that the potential

15  effects of Bextra® were and are adequately described in its FDA-approved prescribing

16  information, which was at all times adequate and comported with applicable standards of care

17  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

18  paragraph of the Complaint.

19        72.      Defendants are without knowledge or information sufficient to form a belief as to

20  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Bextra® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint.

27        73.      Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

28  or damages, and deny the remaining allegations in this paragraph of the Complaint.

1    74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

2  or damages and deny the remaining allegations in this paragraph of the Complaint.

3    Answering the unnumbered paragraph following Paragraph 74 of the Complaint,

4  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages,

5  and deny the remaining allegations in this paragraph of the Complaint.

6    **Response to Second Cause of Action: Strict Liability**

7    75.    Defendants incorporate by reference their responses to each paragraph of

8  Plaintiff's Complaint as if fully set forth herein.

9    76.    Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11  Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time,

12  Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

13  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

14  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

15  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

16  distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

17  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

18  that Bextra® was expected to reach consumers without substantial change in the condition from

19  the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20    77.    Defendants state that Bextra® was and is safe and effective when used in

21  accordance with its FDA-approved prescribing information.  Defendants state that the potential

22  effects of Bextra® were and are adequately described in its FDA-approved prescribing

23  information, which was at all times adequate and comported with applicable standards of care

24  and law.  Defendants deny the allegations in this paragraph of the Complaint.

25    78.    Defendants state that Bextra® was and is safe and effective when used in

26  accordance with its FDA-approved prescribing information.  Defendants state that the potential

27  effects of Bextra® were and are adequately described in its FDA-approved prescribing

28  information, which was at all times adequate and comported with applicable standards of care

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or

2    unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

3        79.    Defendants state that Bextra® was and is safe and effective when used in

4    accordance with its FDA-approved prescribing information.  Defendants state that the potential

5    effects of Bextra® were and are adequately described in its FDA-approved prescribing

6    information, which was at all times adequate and comported with applicable standards of care

7    and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous,

8    and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

9        80.    Defendants are without knowledge or information sufficient to form a belief as to

10    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

12    effective when used in accordance with its FDA-approved prescribing information.  Defendants

13    state that the potential effects of Bextra® were and are adequately described in its FDA-

14    approved prescribing information, which was at all times adequate and comported with

15    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra®

16    is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining

17    allegations in this paragraph of the Complaint.

18        81.    Defendants state that Bextra® was and is safe and effective when used in

19    accordance with its FDA-approved prescribing information.  Defendants state that the potential

20    effects of Bextra® were and are adequately described in its FDA-approved prescribing

21    information, which was at all times adequate and comported with applicable standards of care

22    and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the

23    remaining allegations in this paragraph of the Complaint.

24        82.    Defendants are without knowledge or information sufficient to form a belief as to

25    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26    Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time,

27    Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

28    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

2   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

3   distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

4   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

5   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

6   prescribing information.  Defendants state that the potential effects of Bextra® were and are

7   adequately described in its FDA-approved prescribing information, which was at all times

8   adequate and comported with applicable standards of care and law.  Defendants deny any

9   wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or

10  damages, and deny the remaining allegations in this paragraph of the Complaint.

11          83.     Defendants state that Bextra® was and is safe and effective when used in

12  accordance with its FDA-approved prescribing information.  Defendants state that the potential

13  effects of Bextra® were and are adequately described in its FDA-approved prescribing

14  information, which was at all times adequate and comported with applicable standards of care

15  and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16  paragraph of the Complaint.

17          84.     Defendants are without knowledge or information sufficient to form a belief as to

18  the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Bextra® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24  remaining allegations in this paragraph of the Complaint.

25          85.     Defendants state that Bextra® was and is safe and effective when used in

26  accordance with its FDA-approved prescribing information.  Defendants deny any wrongful

27  conduct and deny the remaining allegations in this paragraph of the Complaint.

28          86.     Defendants state that Bextra® was and is safe and effective when used in

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Third Cause of Action: Breach of Express Warranty

90.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

93.    Defendants deny the allegations in this paragraph of the Complaint.

94.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

96.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

98.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

100.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

101.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

106.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

1    or damages, and deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

3    112.    Defendants incorporate by reference their responses to each paragraph of

4    Plaintiff's Complaint as if fully set forth herein.

5    113.    Defendants state that this paragraph of the Complaint contains legal contentions

6    to which no response is deemed required.  To the extent a response is deemed required,

7    Defendants admit that they had duties as are imposed by law but deny having breached such

8    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information, which

11   was at all times adequate and comported with applicable standards of care and law.  Defendants

12   deny the remaining allegations in this paragraph of the Complaint.

13   114.    Defendants state that Bextra® was and is safe and effective when used in

14   accordance with its FDA-approved prescribing information.  Defendants state that the potential

15   effects of Bextra® were and are adequately described in its FDA-approved prescribing

16   information, which was at all times adequate and comported with applicable standards of care

17   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

18   paragraph of the Complaint, including all subparts.

19   115.    Defendants state that Bextra® was and is safe and effective when used in

20   accordance with its FDA-approved prescribing information.  Defendants state that the potential

21   effects of Bextra® were and are adequately described in its FDA-approved prescribing

22   information, which was at all times adequate and comported with applicable standards of care

23   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

24   paragraph of the Complaint.

25   116.    Defendants state that Bextra® was and is safe and effective when used in

26   accordance with its FDA-approved prescribing information.  Defendants state that the potential

27   effects of Bextra® were and are adequately described in its FDA-approved prescribing

28   information, which was at all times adequate and comported with applicable standards of care

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

PFIZER, PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-02854-CRB

1    and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or

2    unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

3        117.    Defendants state that Bextra® was and is safe and effective when used in

4    accordance with its FDA-approved prescribing information.  Defendants state that the potential

5    effects of Bextra® were and are adequately described in its FDA-approved prescribing

6    information, which was at all times adequate and comported with applicable standards of care

7    and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8    paragraph of the Complaint.

9        118.    Defendants deny any wrongful conduct and deny the remaining allegations in this

10   paragraph of the Complaint.

11       119.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15       120.    Defendants are without knowledge or information sufficient to form a belief as to

16   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19       121.    Defendants are without knowledge or information sufficient to form a belief as to

20   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Bextra® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27       122.    Defendants deny any wrongful conduct and deny the remaining allegations in this

28   paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

123. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

125. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

126. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

127. Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

128. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

129. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this

1    paragraph of the Complaint.

2        130.    Defendants are without knowledge or information sufficient to form a belief as to

3    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6        131.    Defendants are without knowledge or information sufficient to form a belief as to

7    the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   deny the remaining allegations in this paragraph of the Complaint.

11       132.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

14   Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph

15   of the Complaint.

16       133.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

17   or damages, and deny the remaining allegations in this paragraph of the Complaint.

18                            **Response to Prayer for Relief**

19       Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

20   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages,

21   and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

22                                    III.

23                            **GENERAL DENIAL**

24       Defendants deny the allegations and/or legal conclusions set forth in Plaintiff's

25   Complaint that have not been previously admitted, denied, or explained.

26                                    IV.

27                          **AFFIRMATIVE DEFENSES**

28       Defendants reserve the right to rely upon any of the following or additional defenses to

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-30-

claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    negligence and by the failure to mitigate damages.

2                                **Eighth Defense**

3        8.       The proximate cause of the loss complained of by Plaintiff is not due to any acts

4    or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

5    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

6    liable in any way.

7                                **Ninth Defense**

8        9.       The acts and/or omissions of unrelated third parties as alleged constituted

9    independent, intervening causes for which Defendants cannot be liable.

10                               **Tenth Defense**

11       10.      Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but

12   were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or

13   act of God.

14                               **Eleventh Defense**

15       11.      Defendants affirmatively deny that they violated any duty owed to Plaintiff.

16                               **Twelfth Defense**

17       12.      A manufacturer has no duty to warn patients or the general public of any risk,

18   contraindication, or adverse effect associated with the use of a prescription medical product.

19   Rather, the law requires that all such warnings and appropriate information be given to the

20   prescribing physician and the medical profession, which act as a "learned intermediary" in

21   determining the use of the product.  Bextra® is a prescription medical product, available only on

22   the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating

23   and prescribing physicians.

24                               **Thirteenth Defense**

25       13.      The product at issue was not in a defective condition or unreasonably dangerous

26   at the time it left the control of the manufacturer or seller.

27                               **Fourteenth Defense**

28       14.      Bextra® was at all times material to the Complaint reasonably safe and

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-32-

reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

2 **Twenty-second Defense**

3 22.    The manufacture, distribution and sale of the pharmaceutical product referred to

4 in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

5 and Plaintiff's causes of action are preempted.

6 **Twenty-third Defense**

7 23.    Plaintiff's claims are barred in whole or in part by the deference given to the

8 primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical

9 product at issue under applicable federal laws, regulations, and rules.

10 **Twenty-fourth Defense**

11 24.    Plaintiff's claims are barred in whole or in part because there is no private right of

12 action concerning matters regulated by the Food and Drug Administration under applicable

13 federal laws, regulations, and rules.

14 **Twenty-fifth Defense**

15 25.    Plaintiff's claims are barred in whole or in part because Defendants provided

16 adequate "direction or warnings" as to the use of the subject pharmaceutical product within the

17 meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

18 **Twenty-sixth Defense**

19 26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

20 because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement

21 (Second) of Torts § 402A, Comment k.

22 **Twenty-seventh Defense**

23 27.    Plaintiff's claims are barred in whole or in part because the subject

24 pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning

25 of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

26 **Twenty-eighth Defense**

27 28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of

28 Torts: Products Liability.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-34-

1

**Twenty-ninth Defense**

2      29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to

3 plead facts sufficient under the law to justify an award of punitive damages.

4

**Thirtieth Defense**

5      30.    The imposition of punitive damages in this case would violate Defendants' rights

6 to procedural due process under the Fourteenth Amendment of the United States Constitution,

7 Article I, § 17 of the Constitution of the States of Minnesota, and the Constitution of the State of

8 Ohio, and would additionally violate Defendants' right to substantive due process under the

9 Fourteenth Amendment of the United States Constitution.

10

**Thirty-first Defense**

11      31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth

12 and Fourteenth Amendments to the United States Constitution and are subject to all provisions of

13 Minnesota and Ohio law, including, but not limited to, Minn. Stat. § 549.191 (2006).

14

**Thirty-second Defense**

15      32.    The imposition of punitive damages in this case would violate the First

16 Amendment to the United States Constitution.

17

**Thirty-third Defense**

18      33.    Plaintiff's punitive damage claims are preempted by federal law.

19

**Thirty-fourth Defense**

20      34.    In the event that reliance was placed upon Defendants' nonconformance to an

21 express representation, this action is barred as there was no reliance upon representations, if any,

22 of Defendants.

23

**Thirty-fifth Defense**

24      35.    Plaintiff failed to provide Defendants with timely notice of any alleged

25 nonconformance to any express representation.

26

**Thirty-sixth Defense**

27      36.    To the extent that Plaintiff's claims are based on a theory providing for liability

28 without proof of causation, the claims violate Defendants' rights under the United States

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Constitution.

2                                    **Thirty-seventh Defense**

3          37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if

4   any, and labeling with respect to the subject pharmaceutical products were not false or

5   misleading and, therefore, constitute protected commercial speech under the applicable

6   provisions of the United States Constitution.

7                                    **Thirty-eighth Defense**

8          38.     To the extent that Plaintiff seeks punitive damages for the conduct which

9   allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by

10  applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due

11  process protections afforded by the United States Constitution, the excessive fines clause of the

12  Eighth Amendment of the United States Constitution, the Commerce Clause of the United States

13  Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

14  Constitutions of the States of Minnesota and Ohio.  Any law, statute, or other authority

15  purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

16  and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

17  standards to guide and restrain the jury's discretion in determining whether to award punitive

18  damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

19  advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

20  punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

21  conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

22  recovery of punitive damages in an amount that is not both reasonable and proportionate to the

23  amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

24  permits jury consideration of net worth or other financial information relating to Defendants; (6)

25  lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of

26  any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review

27  of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent,

28  including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1991), TXO

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America,

2   Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408

3   (2003).

4                                   **Thirty-ninth Defense**

5          39.     The methods, standards, and techniques utilized with respect to the manufacture,

6   design, and marketing of Bextra®, if any, used in this case, included adequate warnings and

7   instructions with respect to the product's use in the package insert and other literature, and

8   conformed to the generally recognized, reasonably available, and reliable state of the knowledge

9   at the time the product was marketed.

10                                  **Fortieth Defense**

11         40.     The claims asserted in the Complaint are barred because Bextra® was designed,

12  tested, manufactured and labeled in accordance with the state-of-the-art industry standards

13  existing at the time of the sale.

14                                  **Forty-first Defense**

15         41.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

16  information and belief, such injuries and losses were caused by the actions of persons not having

17  real or apparent authority to take said actions on behalf of Defendants and over whom

18  Defendants had no control and for whom Defendants may not be held accountable.

19                                  **Forty-second Defense**

20         42.     The claims asserted in the Complaint are barred, in whole or in part, because

21  Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it

22  was intended, and was distributed with adequate and sufficient warnings.

23                                  **Forty-third Defense**

24         43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of

25  laches, waiver, and/or estoppel.

26                                  **Forty-fourth Defense**

27         44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of

28  the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

2   independent of or far removed from Defendants' conduct.

3                                    **Forty-fifth Defense**

4          45.    The claims asserted in the Complaint are barred, in whole or in part, because

5   Bextra® did not proximately cause injuries or damages to Plaintiff.

6                                    **Forty-sixth Defense**

7          46.    The claims asserted in the Complaint are barred, in whole or in part, because

8   Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

9                                   **Forty-seventh Defense**

10         47.    The claims asserted in the Complaint are barred, in whole or in part, because the

11  manufacturing, labeling, packaging, and any advertising of the product complied with the

12  applicable codes, standards and regulations established, adopted, promulgated or approved by

13  any applicable regulatory body, including but not limited to the United States, any state, and any

14  agency thereof.

15                                   **Forty-eighth Defense**

16         48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if

17  the product labeling contained the information that Plaintiff contends should have been provided.

18                                    **Forty-ninth Defense**

19         49.    The claims asserted in the Complaint are barred because the utility of Bextra®

20  outweighed its risks.

21                                     **Fiftieth Defense**

22         50.    Plaintiff's damages, if any, are barred or limited by the payments received from

23  collateral sources.

24                                   **Fifty-first Defense**

25         51.    Defendants' liability, if any, can only be determined after the percentages of

26  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

27  any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants

28  and each and every other person whose fault could have contributed to the alleged injuries and

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damages, if any, of Plaintiff.

2  **Fifty-second Defense**

3  52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in

4  that the common law gives deference to discretionary actions by the United States Food and

5  Drug Administration under the Federal Food, Drug, and Cosmetic Act.

6  **Fifty-third Defense**

7  53.    The claims asserted in the Complaint are barred, in whole or in part, because

8  Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug, &

9  Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated there under, and

10  Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to

11  implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing

12  regulations, and with the specific determinations by FDA specifying the language that should be

13  used in the labeling accompanying Bextra®.  Accordingly, Plaintiff's claims are preempted by

14  the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

15  United States.

16  **Fifty-fourth Defense**

17  54.    Plaintiff's misrepresentation allegations are not stated with the degree of

18  particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

19  **Fifty-fifth Defense**

20  55.    Plaintiff's claims for punitive damages are barred, in whole or in part, by §

21  2315.21 of the Ohio Revised Code and are subject to all provisions of the Ohio Revised Code.

22  **Fifty-sixth Defense**

23  56.    Plaintiff's damages, if any, are barred or limited by the payments received from

24  collateral sources and the provisions of the Ohio Revised Code.

25  **Fifty-seventh Defense**

26  57.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required

27  by Ohio law.

28  **Fifty-eighth Defense**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    58.    Plaintiff's damages, if any, must be reduced by the percentage of fault attributable

2    to Plaintiff and to nonparties as provided by the Ohio Revised Code.

3    **Fifty-ninth Defense**

4    59.    One or more of Plaintiff's claims for damages are subject to statutory limits on

5    certain types of damages, and the Court is without jurisdiction to enter judgment for Plaintiff

6    beyond the limits set forth in the Ohio Revised Code.

7    **Sixtieth Defense**

8    60.    Ohio Senate Bill 120 and Senate Bill 80, now codified in various sections

9    throughout the Ohio Revised Code, bar or limit one or more of Plaintiff's claims, including the

10    limits and restrictions on damages set forth herein.

11    **Sixty-first Defense**

12    61.    Defendants reserve the right to supplement their assertion of defenses as they

13    continue with their factual investigation of Plaintiff's claims.

14    **V.**

15    **JURY DEMAND**

16    Defendants hereby demand a trial by jury.

17    VI.

18    **PRAYER**

19    WHEREFORE, Defendants pray that Plaintiff takes nothing by this suit; that Defendants

20    be discharged with their costs expended in this matter, and for such other and further relief to

21    which Defendants may be justly entitled.

22    Dated:  July 22, 2008.

GORDON & REES LLP

23    By_____/s/_____

24    Stuart M. Gordon
25    275 Battery Street, 20th Floor
      San Francisco, CA  94111
26    T (415)986-5900
      F (415)986-8054

27

28

1

2   Dated:  July 22, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAEGRE & BENSON LLP


By_____/s/_____
Joseph M. Price
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
T (612)766-7000
F (612)766-1600
*Attorneys for Defendants Pfizer Inc.,*
*Pharmacia Corporation, and G.D. Searle LLC*

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

PFZR/1035934/5826791v.1



1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    JOSEPH M. PRICE (SBN: 88201)
10  ERIN VERNERIS (SBN: 9335174)
    FAEGRE & BENSON LLP
11  2200 Wells Fargo Center
    90 South Seventh Street
12  Minneapolis, MN 55402-3901
    Telephone: (612)766-7380
13  Facsimile: (612)766-1600
    jprice@faegre.com
14
    Attorneys for Defendants
15  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
16
                    UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18
                    SAN FRANCISCO DIVISION
19

20  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
21  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-02854-CRB
                                       )
22  *This document relates to*         )   **RULE 7.1 STATEMENT**
                                       )
23  THOMAS LAUER,                      )   **JURY DEMAND ENDORSED**
                                       )   **HEREIN**
24          Plaintiff,                 )
                                       )
25      vs.                            )
                                       )
26  PFIZER, INC., PHARMACIA CORPORATION,)
    G.D. SEARLE LLC and MONSANTO       )
27  COMPANY,                           )
                                       )
28          Defendants.                )

-1-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Pursuant to Federal Rule of Civil Procedure 7.1, Defendants Pfizer Inc. ("Pfizer"),

2    Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle") submit this their

3    Corporate Disclosure Statement.  Defendants Pfizer, Pharmacia and Searle state:

4

5    1.    Defendant Pfizer Inc. does not have any parent corporations, and no publicly
          traded company owns 10% or more of Pfizer Inc.'s stock.

6    2.    Defendant Pharmacia Corporation is a wholly-owned subsidiary of Defendant
          Pfizer Inc.

7

8    3.    Defendant G.D. Searle LLC is a limited liability company whose sole member is
          Pharmacia & Upjohn Company LLC, which is a limited liability company whose
          sole member is Pharmacia & Upjohn LLC, which is a limited liability company
          whose sole member is Pharmacia Corporation.

9

10                                        Respectfully submitted,

11   Dated:  July 22, 2008.              GORDON & REES LLP

12

13                                        By_____/s/_____

14
                                          _____
15                                        Stuart M. Gordon
                                          275 Battery Street, 20th Floor
16                                        San Francisco, CA  94111
                                          T (415)986-5900
17                                        F (415)986-8054

18   Dated:  July 22, 2008               FAEGRE & BENSON LLP

19                                        By_____/s/_____
                                          Joseph M. Price
20                                        2200 Wells Fargo Center
                                          90 South Seventh Street
21                                        Minneapolis, MN  55402-3901
                                          T (612)766-7000
22                                        F (612)766-1600
                                          *Attorneys for Defendants Pfizer Inc.,*
23                                        *Pharmacia Corporation, and G.D. Searle LLC*

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

PFZR/1035934/5826938v.1

-2-